UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELBA REYNOSO,<br><br>     Plaintiff,<br><br> - against -<br><br>BARRY LEVINE and FEDERAL EXPRESS CORPORATION,<br><br>     Defendants. | Civil Action No.: 19-CIV-151 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE POLICE REPORT AND TESTIMONY RELATING TO THE CAUSE AND LOCATION OF THE ACCIDENT**

                KMA ZUCKERT LLC
                Attorneys for Defendants
                Federal Express Corporation and
                Barry Levine
                1350 Broadway, Suite 2410
                New York, New York 10018
                (212) 922-0450

Of Counsel:
Anthony W. Eckert III
Jennifer Huang

Defendants BARRY LEVINE and FEDERAL EXPRESS CORPORATION (hereinafter, "Defendants") respectfully moves this Court to exclude from trial any evidence, testimony or reference to Officer Christopher McDermott's ("McDermott") factual findings or lay opinions regarding the cause of the accident that is the subject of this case. Such evidence and testimony should be excluded under Federal Rules of Evidence ("FRE") 402, 403, 602, 701 and 803(8).

This matter arises from an accident that took place on Tuesday, February 20, 2018, after 1:00 p.m., on East 22nd Street and Second Avenue. At that time, a Federal Express sprinter van operated by Barry Levine made a left turn from Second Avenue onto East 22nd Street, when his driver's side mirror came into contact with Plaintiff's left shoulder. The parties differ as to whether Plaintiff was within the crosswalk on Second Avenue, as Plaintiff claims, or, if the accident occurred outside the crosswalk, further down on East 22nd Street, after Mr. Levine had completed the left turn and Plaintiff was between his vehicle and parked vehicles on East 22nd Street, facing North towards Second Avenue, as maintained by Defendants. Officer McDermott arrived after the accident and prepared a police report. A true and correct copy of the complete MV-104 Police Report is annexed hereto as Exhibit "A."

On the first page of the police report, there is a section entitled "Accident Description/Officer's Notes" in which Officer McDermott wrote as follows:

> AT TPO V1 STATES HE MADE A LEFT TURN ONTO E 22ND STREET FROM 2ND AVENUE AND COLLIDED WITH PEDESTRIAN WHO WAS WALKING W/B ON E 22ND STREET TOWARDS 2 AVENUE IN THE STREET. PEDESTRIAN SAYS SHE WAS CROSSING IN A MARKED CROSSWALK WITH THE WALK SIGNAL AND WAS STRUCK BY TRUCK ON LEFT SIDE. PEDESTRIAN COMPLAINED OF PAIN TO LEFT SHOULDER AND RIGHT KNEE. TRANSPORTED TO BELLEVUE HOSPITAL. TREATED BY CHIN S#4915 ICAD#

Exh. "A", Police Report at 1.

On page 3 of the report, Officer McDermott continued to write as follows:

1

2297, OFFICER DID NOT WITNESS, OATH SUMMONS#0198114245 ISSUED

*Id.* at 3.

On the last page of the report, there is a diagram of the accident which described the accident as occurring at the intersection of 2nd Avenue and East 22nd, inside the marked crosswalk. *Id.* at 5.

Critically, however, as noted above, Officer McDermott did not witness the accident. He therefore had no basis by which to evaluate how and where the accident occurred, much less whether Plaintiff's or Mr. Levine's statements were credible and, his report and the opinions reached therein are thus based solely on the hearsay statement of Plaintiff. Any testimony by Officer McDermott and the introduction of the police report concerning the cause and location lacks foundation and must be precluded as unduly prejudicial.

### OFFICER MCDERMOTT'S REPORT AND TESTIMONY ARE INADMISSIBLE BECAUSE THE STATEMENTS RELIED UPON BY HIM ARE HEARSAY

That portion of Officer McDermott's report which speculates as to the cause and location of the accident—in particular, the section of the report which states that Officer McDermott issued a traffic ticket to Mr. Levine and includes a diagram of the accident which only confirms plaintiff's version of event—must be precluded at trial because they are not based on his own observations, but, rather, the hearsay statement of Plaintiff. *See Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996) ("Police reports have generally been excluded except to the extent to which they incorporate first-hand observations of the officer."). In addition, FRE 602 states, in relevant part, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. See *Mango v. BuzzFeed, Inc.*, 316 F.Supp.3d 811, 813 (SDNY 2018); *Estate of Smith v. Cash Money Records, Inc.*, 253 F.Supp.3d 737, 745 (S.D.N.Y. 2017), *aff'd sub nom. Estate of Smith v. Graham*, 799 Fed.Appx. 36 (2d Cir. 2020); *Kellman v. Metro. Transp. Auth.,* 8 F.Supp.3d 351, 377 (S.D.N.Y. 2014). Here, the police report

specifically states that "officer [McDermott] did not witness" and had no personal knowledge of the circumstances surrounding the subject accident. *See* Exh. "A" at 3.

Plaintiff seeks to offer McDermott's testimony and his report into evidence for the proposition that the accident occurred in the crosswalk, but the statement by Plaintiff in this regard is hearsay precisely because Plaintiff seeks to offer this out of court statement to prove the truth of that statement. However, because Officer McDermott did not witness the subject accident, he has no personal knowledge as to the cause of the subject accident, any testimony would be wholly devoid of any "tendency to make a fact more or less probable" and is completely irrelevant. FRE 401. As such, his testimony and the report are not admissible and should be precluded. FRE 402.

## THE POLICE REPORT'S FINDINGS & OPINIONS SHOULD BE PRECLUDED

The "factual findings" in a "public record" are admissible unless "the sources of information or other circumstances indicate a lack of trustworthiness." FRE 803(8). Officer McDermott's factual findings—especially, the diagram of the accident which only confirms plaintiff's version of events and the fact that Mr. Levine was given a traffic ticket—must be precluded at trial. Officer McDermott never considered any alternative causes for the accident. He merely listened to plaintiff's and Mr. Levine's statements, which are contradictory and equally credible. As such, his purported findings do not qualify for the public-records exception under Rule 803(8) because they are not sufficiently "trustworthy" and not based on personal knowledge. *See Boykin v. W. Express, Inc.,* 2016 U.S. Dist. LEXIS 14771, *11 (S.D.N.Y. 2016) (police report findings not based on first-hand knowledge are inadmissible hearsay).

Under Rule 701, a lay witness may give opinions that are: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; or (c) not based on scientific, technical or other specialized knowledge within the

scope of Rule 702.  FRE 701.  Testimony regarding facts about which the witness has no personal knowledge and lay opinions that are not rationally based on personal knowledge are inadmissible. *See* FRE 602, 701; *United States v. Garcia,* 413 F.3d 201, 211-13 (2d Cir. 2005).

Officer McDermott's factual findings and lay opinion as to the cause is also improper under Rule 701.  *In Re General Motors LLC Ignition Switch Litigation,* 2017 WL 4417693, *3-*4 (S.D.N.Y. 2017) (police officer could not—either through his report or testimony—offer any opinions as to the cause of plaintiff's car accident because he did not witness the accident).  "As a general rule, police officers' lay 'opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene' are excluded under Rule 701."  *Duhon v. Marceaux,* 33 F. App'x 703 (5th Cir. 2002) (citing 38 A.L.R.2d 13 Sec 22 (collecting many state cases)); *see also Rea v. Wis. Coach Lines, Inc.*, 2015 WL 1012936, at *3 (E.D.La. 2015) (excluding police officer's lay testimony about cause of accident); *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, 2011 WL 4590772, at *9 (S.D.Miss. 2011) (excluding lay testimony about cause of accident).  These cases also excluded the written factual findings, containing lay testimony.  *See Duhon,* 33 F.App'x 703. Here, Officer McDermott's lay opinions about how the accident was caused or located are not "rationally based on [his own] perception" of the accident.  FRE 701(a).  Furthermore, Officer McDermott's lay opinions are not "helpful . . . to determining a fact in issue," especially where they are based on the hearsay statements of Plaintiff and the admission of such opinions would be unduly prejudicial.  FRE 403 and 701.  There are two versions of the accident as indicated on the police report and because Officer McDermott did not witness the accident, his opinions have no bearing on a fact in issue.

4

## **OFFICER MCDERMOTT'S OPINIONS ARE UNFAIRLY PREJUDICIAL**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FRE 403.  " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis . . . ."  FRE 403, Advisory Committee Note.

Officer McDermott's opinion as to how the accident occurred should be excluded under Rule 403 because its relative "probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *Washington v. Kellwood Co.,* 105 F.Supp.3d 293, 308 (S.D.N.Y. 2015).  Plaintiff intends to present McDermott's report and/or testimony to establish her version of events, based on the imprimatur of authority from the New York Police Department.  Courts do not hesitate to exclude cumulative testimony, especially from a witness who can be presented as having the authority of the government and where, as here, there is no basis for the opinions.  *In re General Motors LLC Ignition Switch Litigation, supra*., 2017 WL 4417693, *3-*4 (S.D.N.Y. 2017) (excluding police report and police officer from testifying regarding opinions and findings as to cause of accident where officer did not witness the accident under FRE 403, 701 and 803(8)).

## **CONCLUSION**

Based on the foregoing, the Court should grant Defendants' Motion in Limine to Exclude McDermott's findings and opinions regarding the cause and location of the accident.

Dated: New York, New York
       November 4, 2020

Respectfully submitted,

KMA ZUCKERT LLC

By: _____
Anthony W. Eckert III, Esq.
Jennifer Huang, Esq.
1350 Broadway, Suite 2410
New York, New York 10018
(212) 922-0450

Attorneys for Defendants
Barry Levine and Federal Express Corp.