## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELBA REYNOSO,<br><br>    Plaintiff,<br><br>- against -<br><br>BARRY LEVINE and FEDERAL EXPRESS CORPORATION,<br><br>    Defendants. | Civil Action No.: 19-CIV-151 (LGS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR TESTIMONY REGARDING PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE DATED OCTOBER 16, 2020

                    KMA ZUCKERT LLC
                    Attorneys for Defendants
                    BARRY LEVINE and FEDERAL
                    EXPRESS CORPORATION
                    1350 Broadway, Suite 2410
                    New York, New York 10018
                    (212) 922-0450

Of Counsel:
Anthony W. Eckert III
Jennifer Huang

## PRELIMINARY STATEMENT

Defendants, Barry Levine and Federal Express Corporation, submit this Motion *in Limine* to preclude Plaintiff from submitting into evidence alleged special damages in the amount of $192,325.00 for unknown medical services provided by Plaintiff's neurosurgeon, Paul Ratzker, M.D., on the grounds it was served over one year after the close of fact discovery, without any documentary support, in contravention of the mandatory disclosures set forth in Rule 26(a)(1)(A)(iii).

## STATEMENT OF RELEVANT FACTS

This is a personal injury action arising from an accident that took place on Tuesday, February 20, 2018, sometime after 1:00 p.m. on East 22nd Street and Second Avenue in Manhattan. This is a relatively straight-forward lawsuit with a finite number of factual and legal disputes to be resolved by the factfinder. The initial Scheduling Order dated February 22, 2019 set an initial fact discovery end date of July 1, 2019. *See* Scheduling Management Order dated February 22, 2019, annexed hereto as Exhibit "A," [D.E. 8]. On June 10, 2019, this Court issued its Amended Scheduling Order, annexed hereto as Exhibit "B," [D.E. 14], which extended the completion of all fact discovery until September 5, 2019. *Id.* at 2. Over one year after fact discovery was closed, on October 16, 2020, Plaintiff served Defendants with a Second Supplemental Disclosure pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26(e) ("Plaintiff's Second Supp. Disclosure"), annexed hereto as Exhibit "C," which, among other alleged special damages, included a previously undisclosed medical lien from Dr. Paul K. Ratkzer, M.D. totaling $192,325.00. In addition to being disclosed more than one (1) year after the discovery end date, the disclosure of Dr. Ratzker's medical lien is materially defective in that no medical billing, invoicing, itemization, or supporting documentation was included in contravention of FRCP§26(a)(1)(A)(iii). Moreover, there is no

1

explanation or itemization as to the type of medical procedures or treatments for which such fees were incurred to allow Defendants to properly evaluate the reasonableness of those alleged fees. Presumably, such a large medical lien—even without any support or foundation—would have been incurred over a long period of time. There is no viable reason why Plaintiff's computation of damages as required under FRCP§ 26(a)(1)(A)(iii) could not have been timely provided and Defendants have now lost the opportunity to address the reasonableness of this medical lien and related services in the course of discovery. Plaintiff's failure to not even seek leave to submit late billing records suggests a rather cavalier disdain for the Court's directives and deadlines.

## ARGUMENT

### I. ALL TESTIMONY OR EVIDENCE REGARDING THE PREVIOUSLY UNDISCLOSED LIEN FROM DR. PAUL K. RATKZER, M.D. TOTALING $192,325.00 SHOULD BE PRECLUDED PURSUANT TO FRCP 37(c)(1)

Under FRCP Rule 26(a)(1)(A)(iii), Plaintiff was required to provide the following upon initial disclosure: "[a] computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." As discussed above, Plaintiff failed to provide such computation until very recently on October 16, 2020, long after the close of discovery and on the eve of trial. FRCP Rule 37(c)(1) describes the typical remedy for such nondisclosure:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"In order to determine whether preclusion is warranted under Rule 37, a court must consider '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the

2

opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.'" *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 304 (S.D.N.Y. 2015); *Design Strategy, Inc. v. Davis*, 469 F3d 284, 296 (2d Cir. 2006) (emphasis in original); *Advanced Analytics, Inc. v Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 35-36 (S.D.N.Y. 2014), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014). Although "courts may not impose sanctions under Rule 37(c)(1) where a party's failure to comply was 'substantially justified' or where the conduct was 'harmless,'" Plaintiff's conduct here was neither "substantially justified" nor "harmless." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 158-59 (S.D.N.Y. 2012)(citations omitted). "[H]armless[ness]' means an absence of prejudice to the defendant." *Id.; see Williams v. County of Orange,* No. 03 CIV 5182(LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005).

Preclusion is warranted since plaintiff's disclosure was especially tardy and has prejudiced Defendants right to prepare their case. There is simply no justification why Plaintiff failed to provide the Second Supp. Disclosure over a year after the discovery deadline set by this Court. Most notably the Second Supp. Disclosure was the first time Defendants were made aware of the sizeable lien from Dr. Ratzker.  Plaintiff was aware of the existence of the lien at least as far back as February 15, 2019, as evidenced by the letter from Plaintiff's *own counsel* to Dr. Ratzker, informing him that the lien totaled $192,325.00. *See* Exhibit C at 20. Nonetheless, Plaintiff failed to provide this information to Defendants promptly and chose to wait until the eve of trial. Plaintiff's unnecessary delay in disclosing this information has prejudiced Defendants, as trial is less than one month away and Defendants have been denied any opportunity to determine the reasonableness of these fees and has no information as to the medical services relating thereto. *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F. Supp. 3d 221, 238 (S.D.N.Y.

2018), *reconsideration denied*, 2018 WL 5650004 (S.D.N.Y. 2018) (plaintiffs' damages evidence properly excluded under Rule 37(c)(1) because of failure to properly disclose under Rule 26(a); *Downey v. Adloox Inc.,* 2018 WL 794592, *1 (S.D.N.Y. 2018) (disclosure of witnesses two months after completion of fact discovery was egregious enough to preclusion standard under FRCP 37); *Spotnana, Inc. v. American Talent Agency, Inc.,* 2010 WL 3341837 (S.D.N.Y. 2010) (evidence in support of counterclaim damages was precluded because information was produced four months after discovery cut-off) .

Accordingly, this Court should preclude Plaintiff from offering any evidence or testimony contained in Plaintiff's Second Supp. Disclosure dated October 16, 2020, alleging outstanding medical bills/liens as special damages, and, specifically, with respect to the alleged medical lien in the amount of $192,325.00 for undisclosed services provided by Dr. Ratzker, because the disclosure was made well after the close of discovery, at the eve of trial, and constitutes unfair surprise to Defendants.

## II.   DR. RATKER'S ALLEGED FEES LACK SUPPORT AND SHOULD BE PRECLUDED

The only support submitted by Plaintiff with regard to Dr. Ratzker's lien totaling $192,325.00, was the letter from Plaintiff's counsel to Dr. Ratzker dated February 15, 2019 indicating that there was a lien. *See* Exhibit C at 20. This letter did not provide any basis for the lien other than stating it existed, nor did it include any bills, invoices, or any explanation relating to the medical procedures underlying this lien, much less whether these procedures were medically necessary or even related to the February 20, 2018 incident.  *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F. Supp. 3d 221, 237-38 (S.D.N.Y. 2018) ("plaintiffs' failure to produce any detail regarding their methodology for computing damages prevented the defendants from obtaining discovery regarding the alleged damages and has hindered the defendants' ability to

prepare a defense. . . ."). Since Plaintiff's Second Supp. Disclosure was devoid of any supporting documentation, it must be precluded at trial.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that Defendants' Motion *in Limine* precluding Plaintiff from offering into evidence or any outstanding medical bills/liens included in Plaintiff's Second Supp. Disclosure dated October 16, 2020 as special damages, be granted, and such other and further relief that justice requires.

Dated: New York, New York
November 4, 2020

Respectfully submitted,

KMA ZUCKERT LLC

By: _____
Anthony W. Eckert III, Esq.
Jennifer Huang, Esq.
1350 Broadway, Suite 2410
New York, New York 10018
(212) 922-0450

Attorneys for Defendants
Barry Levine and Federal Express Corp.