```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   ELBA REYNOSO,                                            :
                                    Plaintiff,              :
                                                            :       19 Civ. 151 (LGS)
                    -against-                               :
                                                            :              ORDER
   BARRY LEVINE et al.,                                     :
                                                            :
                                    Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 4, 2020, the parties filed motions *in limine* in anticipation of trial. The motions are resolved as follows:

Defendants seek to preclude the testimony of New York City Police Officer Christopher McDermott as to how the accident occurred based on Federal Rules of Evidence ("FRE") 401, 402, 602 and 802. Plaintiff opposes. The motion is GRANTED for substantially the reasons argued by Defendants, but Officer McDermott may testify to the admissible statements in the police report and his observations upon arriving at the scene.

Defendants seek to preclude the police report of the accident at issue from being introduced as evidence based on FRE 401, 402, 602 and 802. Plaintiff opposes. The motion is GRANTED IN PART and DENIED IN PART. The diagram attached to the police report is excluded as prejudicial, but the remainder of the report is admissible for substantially the reasons argued by Plaintiff.[1]

Defendants seek to preclude introduction of Defendant Levine's guilty plea to a traffic violation based on FRE 401, 402, 403, 602 and 602. Plaintiff opposes. The motion is GRANTED

---

[1] Police reports are admissible under the business records exception but third-party statements in those reports require a hearsay exception. *See Petschauer v. United States*, No. 13 Civ. 6335, 2016 WL 1271035, at *4 (E.D.N.Y. Mar. 29, 2016) (citing *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).

IN PART and DENIED IN PART.  The details of the charge on the ticket are precluded as prejudicial, but the plea and the description of the rule on the ticket are admissible for substantially the reasons argued by Plaintiff.   Defendant Levine may explain why he pleaded guilty rather than contesting the charge.

Defendants seek to preclude Plaintiff's life care expert, Harold Bialsky, from providing expert testimony based on FRE 402 and 702.  Plaintiff opposes.  Defendants' motion is DENIED for substantially the reasons argued by Plaintiff.  Bialsky's testimony is admissible to show the potential costs of future medical treatment, but Plaintiff must separately meet her burden of convincing the jury that the need for the surgery, treatment and the procedures included in Bialsky's report is not speculative.

Defendants seek to preclude Plaintiff from offering any evidence or testimony regarding outstanding medical bills or liens as special damages due to a late disclosure.  Plaintiff opposes.  The motion is DENIED for substantially the reasons argued by Plaintiff.  Defendant may conduct additional discovery limited to this issue, if necessary.

Defendants seek to preclude Plaintiff from offering evidence or testimony regarding future lost earnings.  Plaintiff opposes.  The motion is DENIED for substantially the reasons argued by Plaintiff, but (1) any such evidence must be consistent with Plaintiff's evidence concerning her ability to work and (2) evidence assuming she is totally unable to work is precluded.

Plaintiff seeks to preclude testimony or evidence relating to her immigration status based on FRE 401, 402, 403.  Defendant opposes if evidence of Plaintiff's lost earnings is permitted.  The motion is DENIED, but such evidence or argument is admissible solely on the issue of future lost earnings substantially for the reasons argued by Defendants.  In sum, it is

**ORDERED** that Defendants' motion to preclude testimony of Officer McDermott as to how the accident occurred is GRANTED; Defendants' motion to preclude the police report is GRANTED IN PART and DENIED IN PART; Defendants' motion to preclude Defendant Levine's guilty plea and the traffic ticket is GRANTED IN PART and DENIED IN PART; Defendants' motion to preclude the expert report and testimony of Bialsky is DENIED; Defendants' motion to preclude the second supplemental disclosure is DENIED; Defendants' motion to preclude evidence of future lost earnings is DENIED; and Plaintiff's motion to preclude evidence relating to her immigration status is DENIED.  It is further

**ORDERED** that the parties shall complete all discovery in relation to Plaintiff's outstanding medical bills by **August 27, 2021**.  It is further

**ORDERED** that the jury trial scheduled for September 27, 2021, at 9:45 a.m., is adjourned to **October 18, 2021, at 9:45 a.m.**, subject to the need for, and availability of, suitable courtrooms for jury trials.  The final pre-trial conference will be set closer to the trial date.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 42, 44, 45, 46, 47 and 48.

Dated: July 27, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE